**No. 26-2419**

*In the*

# UNITED STATES COURT OF APPEALS
*for the*
# THIRD CIRCUIT

DAN KLEINMAN,

*Defendant-Appellant,*

v.

AMANDA JONES,

*Plaintiff-Appellee.*

*On Appeal from the United States District Court*
*for the District of New Jersey*
*No. 2:24-cv-10750-BRM-JSA*
*The Honorable Brian R. Martinotti*

## DEFENDANT-APPELLANT'S RESPONSE TO ORDER


Marc J. Randazza
Jay M. Wolman
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776
ecf@randazza.com
jmw@randazza.com

Vincent S. Verdiramo
VERDIRAMO & VERDIRAMO ESQS. PA
3153 Kennedy Boulevard
Jersey City, NJ 07306
Tel: (201) 798-7082
vincent@verdiramolaw.com

*Attorneys for Defendant-Appellant*

## TABLE OF CONTENTS

RESPONSE .......... 1

FACTUAL SUMMARY .......... 2

PROCEDURAL HISTORY .......... 4

ARGUMENT .......... 5

1.0 DENIALS OF UPEPA MOTIONS ARE IMMEDIATELY APPEALABLE .......... 7

2.0 DENIALS OF LOUISIANA ANTI-SLAPP MOTIONS ARE IMMEDIATELY APPEALABLE .......... 10

CONCLUSION .......... 11

## TABLE OF AUTHORITIES

### CASES

*Bailey v. BS Quarries Inc.*,
674 F. App'x 149 (3d Cir. 2017) ....................6

*Democratic Party of Nj., Inc. v. Devine,*
Civil Action No. 22-1268 (JXN)(AME) ....................7

*Digital Equip. Corp. v. Desktop Direct, Inc.*,
511 U.S. 863 (1994) ....................6

*Dougherty v. Sch. Dist.*,
772 F.3d 979 (3d Cir. 2014) ....................6

*Fabre v. Walton*,
436 Mass. 517, 781 N.E.2d 780 (2002) ....................9

*Farina v. Omari*,
Civil Action No. 24-11098 (SDW) (AME), 2026 U.S. Dist. LEXIS 121892 (D.N.J. June 2, 2026) ....................9

*Franchini v. Inv'rs Bus. Daily, Inc.*,
981 F.3d 1 (1st Cir. 2020) ....................8

*Garner v. Ean Holdings, LLC*,
No. 23-5629, 2024 U.S. App. LEXIS 54 (6th Cir. Jan. 2, 2024) ....................9

*Godin v. Schencks,*
629 F.3d 79 (1st Cir. 2010) ....................11

*Henry v. Lake Charles Am. Press LLC*,
566 F.3d 164 (5th Cir. 2009) ....................10, 11

*In re Mushroom Direct Purchaser Antitrust Litig.,*
655 F.3d 158 (3d Cir. 2011) ....................6

*Johnson v. Jones*,
515 U.S. 304 (1995) ....................6

*Jones v. Citizens for A New La.*,
2023 CA 0654 R, 2025 La. App. LEXIS 1901 (La. App. 1 Cir Oct. 7, 2025) ......3

*Klocke v. Watson*,
936 F.3d 240 (5th Cir. 2019) ........................................ 11

*Lento L. Grp., PC v. Hendrickson*,
No. A-3541-23, 2026 N.J. Super. LEXIS 59
(Super. Ct. App. Div. June 15, 2026) ........................................ 8

*Los Lobos Renewable Power, LLC v. AmeriCulture, Inc.*,
885 F.3d 659 (10th Cir. 2018) ........................................ 8

*Paucek v. Shaulis*,
349 F.R.D. 498 (D.N.J. 2025) ........................................ 8

*Robinson v. Hartzell Propeller, Inc.*,
454 F.3d 163 (3d Cir. 2006) ........................................ 6

*Saint-Jean v. Palisades Interstate Park Comm'n*,
49 F.4th 830 (3d Cir. 2022) ........................................ 6

*Satz v. Starr*,
482 N.J. Super. 55, 338 A.3d 925 (App. Div. 2025) ........................................ 7

*Smith v. Supple*,
346 Conn. 928 (2023) ........................................ 9

*Stern v. Doe*,
806 So. 2d 98 (La. App. 4th Cir. 2001) ........................................ 10

**STATUTES**

1999 La. Acts 734 ........................................ 10

28 U.S.C. § 1291 ........................................ 2, 6, 11

N.J.S.A. § 2A:53A-57 ........................................ 9

N.J.S.A. 2A:53A-49 ........................................ passim

N.J.S.A. 2A:53A-50 ........................................ 7

N.J.S.A. 2A:53A-59 ........................................ 8

**OTHER AUTHORITIES**

N.J. Governor's Message, 2023 S.B. 2802/A.B. 4393 .......... 8

Press Release, Off. of the Governor, Governor Murphy Signs Bipartisan Bill Protecting Against Lawsuits Designed to Suppress Free Speech, at 1 (Sept. 7, 2023) .......... 8

## RESPONSE

Amanda Jones filed a SLAPP suit against Dan Kleinman. She is a national activist who gained notoriety for her public statements about public policy pertaining to the national debate about quasi-pornographic materials in public libraries: she supports ensuring that minors have access to sexually explicit material. Mr. Kleinman opposes her position and called her out on it. She sued him because he allegedly called her some mean names.

This case isn't about taking sides on what materials should be made available to children. It's about Mr. Kleinman's First Amendment right to call what Ms. Jones advocates "grooming." Reasonable people can disagree on library policy or whether her advocacy is grooming, or even what "grooming" means, but the District Court committed constitutional error when it said Ms. Jones can abuse the court system over speech by a public figure on a matter of public concern. Ms. Jones agreed that she was a public figure on a matter of public concern. Despite the overwhelming judicially noticeable evidence of her public figure status, and her *agreement that she is a public figure*, the Court instead rejected the parties' reasonable mutual conclusion to warp the facts to avoid dismissing the case. The complaint does not survive First Amendment/actual malice scrutiny, but even if it does, this grave error must be corrected on an interlocutory basis.

The District Court's May 26, 2026, Opinion and Order denying Appellant Dan Kleinman's anti-SLAPP motion is a final, appealable order within the meaning of 28 U.S.C. § 1291. It is appealable under the collateral order doctrine because the Louisiana and New Jersey anti-SLAPP statutes provide Mr. Kleinman with an immunity from suit that will be lost should he be forced to litigate this case through discovery and (because the District Court wrongly used a negligence standard) trial.

## FACTUAL SUMMARY

Although additional facts will be set forth in Appellant's opening brief, a summary of the facts is provided for context. Jones is school librarian who gained national fame beginning in July 2022, when she "spoke publicly at the Livingston Parish Public Library board of Control Meeting as a resident of my community." ECF No. 53-2. She is "the founder and Executive Director of the Livingston Parish Library Alliance and proud co-founder of Louisiana Citizens Against Censorship." *Id*. Her website provides links to *76 media articles* interviewing her on this issue dating back to 2022. *Id*. She "has received numerous local, state, and national recognitions, including 'Dream Teacher' and 'Librarian of the Year.'" ECF No. 53-4. Jones's profile has risen so much that she was recently named as one of "The World's Most Influential Rising Stars" by TIME Magazine for 2025. ECF No. 53-5. She was previously found to be a public figure on account of her public

statements. *See Jones v. Citizens for A New La*., 2023-0654 (La. App. 1 Cir 10/07/25) (lower court order making such finding reversed on other grounds).

Kleinman reports on librarians and library safety via X, through the handle @SexHarassed, and on his blog, SafeLibraries. ECF No. 1 at ¶ 1. Jones complains of Kleinman's social media statements from February to November 2024, which she claims "are too numerous to reproduce here." ECF No. 1 at ¶¶ 20-72.[1] She does not, however, allege in this recitation that any particular statement is false or why such statements are false. Rather, she alleges the following:

- "Kleinman falsely states that Jones gives highly age-inappropriate sexual material, including books that depict anal sex and books with titles such as 'Spanking for Lovers,' 'The Ultimate Guide to Kink,' and 'The Ultimate Guide to Threesomes,' to children." ECF No. 1 at ¶ 75.
- Kleinman "falsely states that [Jones] 'preys on kids.'" *Id*. at ¶ 76.
- Kleinman "falsely states that [Jones] 'sexualizes' children." *Id*. at ¶ 77.
- Kleinman "labels [Jones] a 'child groomer.'" *Id*. at ¶ 78.

Jones alleges only a basic denial that she provides age-inappropriate material, that she preys on or sexualizes children, or that she is a child groomer. *Id*. at ¶¶ 86-88.

[1] Paragraph 21 of the Complaint is a recitation of statements unidentified third parties made in response to Kleinman's statements, rather than statements Kleinman himself published.

None of Kleinman's statements actually claim that Jones is engaging in sexual intercourse with children or is "grooming" or "sexualizing" anyone in particular. Rather, many of his statements opine that Jones's advocacy for minors' access to books with sexually explicit content, including her admission during the July 2022 school board meeting, posted on her website, publicly advocating for giving children access to sexually explicit materials, as well as public statements supporting access to books such as Gender Queer, constitutes "grooming." ECF No. 1 at ¶¶ 34, 39, 43-45, 48, 50, 62, & 67.

## PROCEDURAL HISTORY

On November 26, 2024, Jones filed a complaint against Kleinman asserting two causes of action: defamation and false light. (ECF No. 1). Typical of a SLAPP suit, she acted to increase Kleinman's legal expense, filing an identical complaint in Louisiana, litigation over which takes up much of the docket; that second case was ultimately transferred to the District of New Jersey and dismissed. *See, generally,* ECF Nos. 10-52.

Kleinman answered on January 21, 2025 (ECF No. 6), amending the following day (ECF No. 7). Once the venue/duplicate action issue was resolved, Kleinman moved on October 10, 2025, for judgment on the pleadings, invoking the New Jersey anti-SLAPP law, the Uniform Public Expression Protection Act ("UPEPA"), N.J.S.A. 2A:53A-49, *et seq*. (ECF No. 53). Jones opposed on October

20, 2025 (ECF No. 54). Kleinman filed his reply on October 27, 2025 (ECF No. 56). A series of supplemental notices and letters followed. ECF Nos. 57-66.

On May 26, 2026, the District Court issued its Opinion (ECF No. 67) and Order (ECF No. 68) denying the motion. A timely notice of appeal followed (ECF No. 70) on June 4, 2026.[2] On June 10, 2026, the Court issued an order that the order on appeal may not be final and appealable, seeking written responses from the parties. This response follows.

**ARGUMENT**

The District Court's May 26, 2026, order is final and appealable. It arises from the denial of a motion invoking N.J.S.A. 2A:53A-49, *et seq*., which provides for immunity from suit. The Louisiana anti-SLAPP law, Article 971 of the Louisiana Code of Civil Procedure ("Article 971"), which the District Court determined applied under a choice of law analysis, similarly provides for immunity from suit. As an order denying immunity from suit, it is immediately appealable under the collateral order doctrine – regardless of which choice of law is ultimately correct.

"A collateral order is a rare type of order that does not terminate the litigation but, nonetheless, is treated as a 'final decision.'" *Bailey v. BS Quarries Inc*., 674 F.

---

[2] Because there are issues of first impression in this Circuit and under the applicable law, Kleinman anticipated that there would arise question as to appealability. While Kleinman believes the order is directly appealable, he also filed (ECF No. 70-1) a motion for certification in the event the Court were to disagree.

App'x 149, 152 (3d Cir. 2017) quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867-68 (1994). "Under the collateral order doctrine, an interlocutory order is immediately appealable as a 'final decision' within the meaning of § 1291 if it '[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3] [is] effectively unreviewable on appeal from a final judgment.'" *Dougherty v. Sch. Dist.*, 772 F.3d 979, 985-86 (3d Cir. 2014) quoting *Johnson v. Jones*, 515 U.S. 304, 310 (1995) (alterations in original). "The key consideration" in the collateral order analysis is "whether the claimed right sought to be protected was characterized as a right to immunity from suit or a defense to liability." *Robinson v. Hartzell Propeller, Inc.*, 454 F.3d 163, 171 (3d Cir. 2006). The denial of a motion seeking dismissal based on an immunity from suit is a collateral order appealable at the "motion-to-dismiss stage[.]" *Saint-Jean v. Palisades Interstate Park Comm'n*, 49 F.4th 830, 834 (3d Cir. 2022); *see also In re Mushroom Direct Purchaser Antitrust Litig.,* 655 F.3d 158, 164 (3d Cir. 2011) ("One category of prejudgment order that long has been recognized as giving rise to an interlocutory appeal is an order denying a defendant immunity from suit; such a denial is 'effectively unreviewable on appeal from a final judgment' in that an erroneous denial exposes the defendant to the burden of litigation, thwarting the purpose of the immunity.")

## 1.0 Denials of UPEPA Motions are Immediately Appealable

The District Court denied Kleinman immunity from suit under UPEPA,[3] rendering the order immediately appealable. "Strategic lawsuits against public participation ("SLAPPs") are lawsuits filed to punish, silence, and intimidate defendants exercising their First Amendment rights. SLAPPs force a defendant to abandon his speech or suffer through years of costly litigation." *Democratic Party of Nj., Inc. v. Devine,* Civil Action No. 22-1268 (JXN)(AME), 2026 U.S. Dist. LEXIS 119416, at *19 (D.N.J. May 29, 2026) (internal citation and quotation marks omitted). UPEPA applies to any cause of action asserted against a person based on their "exercise of the right of freedom of speech or of the press, the right to assembly or petition, or the right of association, guaranteed by the United States Constitution or the New Jersey Constitution, on a matter of public concern." N.J.S.A. 2A:53A-50(b)(3).

The purpose of UPEPA is to "protect residents against frivolous, ill-intentioned lawsuits and insulate them from the financial hardships these cases can produce." *Satz v. Starr*, 482 N.J. Super. 55, 65, 338 A.3d 925 (App. Div. 2025) (quoting Press Release, Off. of the Governor, Governor Murphy Signs Bipartisan Bill Protecting Against Lawsuits Designed to Suppress Free Speech, at 1 (Sept. 7,

---

[3] In determining Louisiana law applies, the District Court necessarily denied relief under UPEPA.

2023)). It has "the goal of protecting 'people from meritless lawsuits intended to intimidate them for exercising their free speech rights.'" *Paucek v. Shaulis*, 349 F.R.D. 498, 509 (D.N.J. 2025) quoting N.J. Governor's Message, 2023 S.B. 2802/A.B. 4393, available at https://www.nj.gov/governor/news/news/562023/20230907d.shtml. The Legislature required UPEPA "be broadly construed and applied to protect the exercise of the right of freedom of speech . . . guaranteed by the United States Constitution or the New Jersey Constitution." N.J.S.A. 2A:53A-59. In so doing, the Legislature "exercised its constitutional duty by enacting UPEPA to thwart the weaponization of litigation to curb free speech rights in our state in a prompt and cost-effective manner." *Lento L. Grp., PC v. Hendrickson*, No. A-3541-23, 2026 N.J. Super. LEXIS 59, at *11 (Super. Ct. App. Div. June 15, 2026).

Similar anti-SLAPP laws have been found to be immediately appealable on this basis. The First Circuit permits interlocutory appeals of orders under the Maine anti-SLAPP statute, where its "stated purpose… is to shield defendants from the burden of meritless litigation. It gives defendants who fall under the statute the right to avoid litigation directed against their legitimate exercise of the right to petition." *Franchini v. Inv'rs Bus. Daily, Inc.*, 981 F.3d 1, 7 (1st Cir. 2020). The Tenth Circuit did so under the New Mexico law, because it "seeks to reduce the ordinary time and expense of litigation." *Los Lobos Renewable Power, LLC v. AmeriCulture, Inc.*, 885 F.3d 659, 666 (10th Cir. 2018). Massachusetts and Connecticut courts allow

interlocutory appeals for the same reason. *See Smith v. Supple*, 346 Conn. 928 (2023) and *Fabre v. Walton*, 436 Mass. 517, 781 N.E.2d 780 (2002).

Had this case been brought in New Jersey state court, there would be no question that it is immediately appealable. N.J.S.A. § 2A:53A-57 expressly provides for interlocutory appeal. To be clear, Kleinman is not arguing that that provision applies in Federal court, but he rather notes that the codification of interlocutory appeal is evidence of the substantive immunity from suit intended by the New Jersey legislature.[4] For example, in *Garner v. Ean Holdings, LLC*, the Sixth Circuit determined that the Tennessee anti-SLAPP law conferred an immunity from suit, finding persuasive an argument that an express provision for interlocutory appeal evidenced the legislature conferred immunity from suit "regardless of how it was described[.]" No. 23-5629, 2024 U.S. App. LEXIS 54, at *1-2 (6th Cir. Jan. 2, 2024).

Because the act is to be broadly construed to protect against SLAPP suits, the Court should find that a denial of a motion seeking dismissal thereunder is a collateral order subject to immediate appeal.

---

[4] Other express statutory, substantive provisions, including "fees, costs, and expenses to a prevailing movant who successfully dismisses a SLAPP suit" directly apply in Federal court. *Farina v. Omari*, Civil Action No. 24-11098 (SDW) (AME), 2026 U.S. Dist. LEXIS 121892, at *18 (D.N.J. June 2, 2026).

## 2.0 Denials of Louisiana anti-SLAPP Motions are Immediately Appealable

For similar reasons as UPEPA, orders denying dismissal under the Louisiana anti-SLAPP statute are immediately appealable.[5] In *Henry v. Lake Charles Am. Press LLC*, the Fifth Circuit determined that denials of dismissals under the Louisiana law warranted interlocutory appeal. 566 F.3d 164 (5th Cir. 2009). In enacting Article 971, the Louisiana legislature set forth its reasons and purpose:

> The legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. The legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, it is the intention of the legislature that the Article enacted pursuant to this Act shall be construed broadly.

1999 La. Acts 734. "The purpose of [Article 971] is to review frivolous and meritless claims against the media at a very early stage in the legal proceedings." *Stern v. Doe*, 806 So. 2d 98, 100 (La. App. 4th Cir. 2001). As the *Henry* Court determined, "Article 971 [protects against the chilling of rights] by **immunizing speakers from suits** stemming from the exercise of First Amendment rights, thus preserving both an individual's right to speak and the public's collective interest in free and robust debate." 566 F.3d at 177 (emphasis added). "The purpose of Article

---

[5] While Kleinman believes choice of law favors New Jersey, in the event it favors Louisiana in whole or in part, under dépeçage, Kleinman believes that dismissal under the Louisiana anti-SLAPP law would be appropriate.

971 is to free defendants from the burden and expense of litigation that has the purpose or effect of chilling the exercise of First Amendment rights. Article 971 thus provides a right not to stand trial, as avoiding the costs of trial is the very purpose of the statute. In other words, Article 971 does not provide a defense to liability; defendants remain liable for actual acts of defamation and other torts. But it does provide defendants the right not to bear the costs of fighting a meritless defamation claim." *Id.* at 178. The First Circuit viewed *Henry* favorably when it heard a case under the Maine anti-SLAPP law. *Godin v. Schencks,* 629 F.3d 79 (1st Cir. 2010). *Henry* remains good law—it was distinguished, not overruled, when the Fifth Circuit took issue with certain provisions of the Texas anti-SLAPP law. *Klocke v. Watson*, 936 F.3d 240, 248 (5th Cir. 2019). There is no reason for this Court to diverge from the thorough analysis of the *Henry* court and to create a circuit split with the Fifth Circuit's determination that Louisiana law does indeed require interlocutory review.

## CONCLUSION

As set forth above, Kleinman is entitled under UPEPA and/or Article 971 to immediately appeal the May 26, 2026, Order. It is a collateral order denying Kleinman's immunity from suit. But the analysis required to reach the conclusion that interlocutory appeal is available is neither novel nor difficult: two other circuits have applied the collateral order doctrine to state anti-SLAPP denials and reached the same conclusion. New Jersey's legislature expressly provides appeal as of right.

If the Third Circuit declines jurisdiction, it will be the only court of appeals to hold that an expressly legislated right of immediate review disappears if the case crosses into federal court. This result would gut the substantive protections the New Jersey and Louisiana legislatures enacted, reward plaintiffs who forum shop into federal court to circumvent state anti-SLAPP immunity, and compel this Court to revisit the same denial years from where the irreversible harm has already been inflicted. Thus, this Court has jurisdiction to hear the appeal per 28 U.S.C. § 1291.

Dated: June 24, 2026.

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza
Jay M. Wolman
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776
jmw@randazza.com
ecf@randazza.com

Vincent S. Verdiramo
VERDIRAMO & VERDIRAMO ESQS. PA
3153 Kennedy Boulevard
Jersey City, NJ 07306
Tel: (201) 798-7082
vincent@verdiramolaw.com

*Attorneys for Defendant-Appellant.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: June 24, 2026.

RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
Marc J. Randazza